UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSICA HOVING,

    Plaintiff,

v.                                        Case No.:  5:22-cv-00205

BILL CRAMER CHEVROLET
CADILLAC BUICK GMC, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JESSICA HOVING, hereby sues Defendant, BILL CRAMER CHEVROLET CADILLAC BUICK GMC, INC. ("Defendant") and alleges:

## JURISIDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §§2000e et seq..

2. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*.

3. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within the Northern District of Florida.

## CONDITIONS PRECEDENT

1

4.   Plaintiff has satisfied all conditions precedent to the filing of this action in that she dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on October 28, 2021. A Determination and Notice of Rights was issued by the EEOC on August 31, 2022.

## THE PARTIES

5.   Plaintiff, JESSICA HOVING ("Hoving") is a resident of Florida. At all times relevant herein, she worked in Florida for Defendant. She is a member of a protected class based on her sex.

6.   At all times pertinent hereto, Defendant has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an employer as this term is used under the applicable laws.

## STATEMENT OF THE ULTIMATE FACTS

7.   Ms. Hoving was hired by Defendant as a Service Advisor on June 22, 2020, and she worked in this role without incident until Josh Langley was hired as Shop Foreman in or around January 2021.

8.   Mr. Langley was responsible for assigning the work that all service advisors, including Ms. Hoving, would write up; he would then dispatch the same to the technicians.

9.   Service Advisors earn commission based on the work they write up.

2

10. Shortly after his hire, Mr. Langley began making sexual advances toward Ms. Hoving and when she refused to engage with him, Mr. Langley stopped assigning work to her, impacting her ability to earn commissions, and he threatened to make a false report that she was not performing her job duties.

11. Despite Ms. Hoving's objections, Mr. Langley continued to make unwanted sexual advances toward her, telling her how good she looked in certain clothing and that she made him horny.

12. Ms. Hoving made repeated complaints to the Service Manager, Brian Blakesly, as well as to the General Manager, Mike Warner, to no avail.

13. On or around February 26, 2021, Mr. Langley escalated his sexual harassment of Ms. Hoving by unzipping his pants in front of her and once again telling her how horny he was.

14. On or about March 3, 2021, Ms. Hoving reported Mr. Langley's inappropriate sexual advances to Megan McAlister in Human Resources.

15. The following day, on or about March 4, 2021, Defendant terminated Ms. Hoving in retaliation for her reports of sexual harassment.

16. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience mental anguish, and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other

benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

17. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a reasonable fee and costs for her services. Defendant should be made to pay said fee and all costs associated with this action under the laws applicable to this case.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

18. Paragraphs 1-17 are realleged and incorporated herein by reference.

19. Defendant discriminated against Plaintiff on the basis of her sex with respect to the terms, conditions, and privileges of her employment in violation 42 U.S.C. § 2000e-2(a).

20. Plaintiff is a member of a protected class within the meaning of the applicable law.

21. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

22. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other

benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

23. Paragraphs 1-17 are realleged and incorporated herein by reference.

24. Defendant retaliated against Plaintiff because she engaged in protected conduct with respect to terms, conditions, and privileges of her employment in violation 42 U.S.C. § 2000e-5(k).

25. Plaintiff is a member of a protected class within the meaning of the applicable law.

26. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, and other non-pecuniary losses, long with lost back pay and front pay, interest on pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive and equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic losses to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 8th day of September 2022.

Respectfully submitted,

/s/ *Tiffany R. Cruz*
**Tiffany R. Cruz**
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
**Kevin C. Kostelnik**
Florida Bar No.: 0118763

>Kevin@tiffanycruzlaw.com
>Meredith@tiffanycruzlaw.com
>Parker @tiffanycruzlaw.com
>
>**CRUZ LAW FIRM, P.A.**
>411 N. Calhoun Street
>Tallahassee, FL 32301
>850-701-8838
>
>*ATTORNEYS FOR PLAINTIFF*